184

**Robert and Robyn PRIZER, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 483–86T.

United States Claims Court.

Nov. 25, 1986.

Jordan W. Kapchan, New York City, for plaintiffs.

Kenneth C. Gobetz, Washington, D.C., with whom was Asst. Atty. Gen. Roger M. Olsen, for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

This is an individual income tax refund suit filed by plaintiffs, Robert and Robyn Prizer, for their taxable year ending De-

cember 31, 1978. Jurisdiction is premised in this court under 28 U.S.C. § 1491 (1982).[1]

Defendant responded to the complaint with a RUSCC 12(b)(4) motion to dismiss premised on the grounds that "the complaint fails to state a claim upon which relief can be granted." Defendant's Motion To Dismiss at 1. More specifically, defendant avers that subject action may not be maintained for said taxable year in this court because a "stipulated decision of the [U.S.] Tax Court has *res judicata* effect and bars plaintiff's [sic] present suit for refund for the 1978 tax year." *Id.* at 3. Unfortunately for plaintiffs, the defendant's position is well founded, thus compelling this court to grant defendant's motion to dismiss.

## BACKGROUND

Petitioners, husband and wife, filed a timely joint return for their taxable year ending December 31, 1978, reporting a tax liability of $13,011. Plaintiffs' Complaint, Exhibit 1. This aggregate tax liability was covered by an estimated pre-payment tax of $8,173, and the balance of $4,838 was remitted with the filed return. *Id.*

On or about March 8, 1982, a Notice of Deficiency was mailed to plaintiffs, which asserted a proposed income tax deficiency for the taxable year 1978, in the amount of $3,415.59. Plaintiffs' Opposition Brief at 1. In opposition thereto, on or about June 10, 1982, the taxpayers herein filed a petition in the U.S. Tax Court which sought a "redetermination of the deficiencies set forth by the Commissioner of Internal Revenue in his Notice of Deficiency dated March 8, 1982...." *Id.* at Exhibit 1. The litigation in the Tax Court was ultimately resolved on or about July 6, 1984, when the taxpayers herein stipulated to the following judgment:

Pursuant to agreement of the parties in this case, it is

---

1. Section 1491(a)(1) provides, *inter alia,* "The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regula-

tion of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

ORDERED AND DECIDED: That there is a deficiency in income tax due from the petitioners for the taxable year 1978 in the amount of $3,415.59.

\*   \*   \*   \*   \*   \*

It is stipulated that the Court may enter the foregoing decision in the above-entitled case.

*Id.* at Exhibit 2.

Notwithstanding the foregoing unconditional stipulation, on or about January 17, 1985, said taxpayers filed an amended return (*i.e.,* claim for refund, Form 1040X) for the same 1978 taxable year. Plaintiffs' Complaint at 1. In said amended return, taxpayers contend that they are entitled to an income tax refund for said taxable year in the amount of $1,123 because the Commissioner, in computing their previously additional assessed tax in the amount of $3,415.59, failed to calculate said assessed tax liability based on income averaging.[2] Plaintiffs argue, in that connection, that because they claimed and utilized income averaging in calculating their joint income tax liability as reflected on their originally filed return for said year, the Commissioner in assessing the additional deficiency should have calculated the *corrected* tax liability for such year on that same basis. Plaintiffs' Opposition Brief at 1.

For reasons not reflected on the record, the Commissioner did not apply income averaging in arriving at the corrected income tax liability for taxable year 1978. Moreover, taxpayers failed to ventilate this issue in its petition to the Tax Court for a redetermination of deficiency. Consequently, the *stipulation* in the Tax Court to the entire assessed deficiency in the amount of $3,415.59 was a judicial concession by taxpayers to the correctness of the Commissioner's determination, in which he did not give the taxpayers the benefit of income averaging in calculating their corrected tax liability for the taxable year 1978.

Against the foregoing background, with respect to plaintiffs' administrative claim

filed per amended return on Form 1040X on January 17, 1985, by letter dated April 22, 1985, the Service disallowed the foregoing claim (Form 1040X) filed by petitioners herein. *Id.* at Exhibit 4. The instant complaint was filed in this court on August 4, 1986, as a consequence, seeking to obtain an income tax refund for their 1978 taxable year which arguably inures as a result of entitlement to the use of income averaging.

Without addressing the merits of plaintiffs' complaint, defendant seeks an order granting its motion to dismiss, with prejudice, on the grounds that:

> The stipulated decision of the Tax Court with respect to the 1978 Tax Year bars plaintiff's [sic] claim as to the tax liability for that year.

Defendant's Motion at 2.

In their response in opposition to defendant's motion to dismiss, plaintiffs aver that defendant's position misses the mark for two reasons: First, the income averaging issue was never raised by them in the Tax Court (the only issue was taxpayers' entitlement to deductions for certain losses); thus, the stipulated order does not embrace a decision on plaintiffs' entitlement in that regard. Plaintiffs' Opposition at 2. Second, I.R.C. § 6512(a)(2) requires, on these facts, the allowance of plaintiffs' claim for refund.

Relevant portions of I.R.C. § 6512(a) provide:

> If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of income tax for the same taxable year ... to which such petition relates ... in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of

---

2. See 26 U.S.C. § 1301 (1982).

the tax shall be instituted in any court except—

\*    \*    \*    \*    \*    \*

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final;

26 U.S.C. § 6512 (1982).

In amplification of plaintiffs' second reason for contending that defendant's motion to dismiss is not well taken, they rely on subparagraph (2) of § 6512(a) as an exception to the bar of § 6512(a), *supra.* In other words, as plaintiffs contend, while § 6512(a) precludes the taxpayers from filing suit in this court for the recovery of income tax for their 1978 taxable year with respect to issues raised in the Tax Court for that same taxable year, subparagraph (2) of § 6512(a)—

permits suits for refund [in this court notwithstanding the bar of § 6512(a)] of amounts paid in excess of the amount computed in accordance with the final decision of the Tax Court.

Plaintiffs' Opposition at 3. To plaintiffs, this apparently means that although the Tax Court properly computed the tax *based solely on the issues before* it regarding the 1978 taxable year, a suit for refund may nevertheless be maintained *in this court* for the same taxable year for any amounts paid in excess of the proper amounts which would obtain from issues not previously raised in the Tax Court litigation. In support of this theory, plaintiffs cite to *Lakovich v. Internal Revenue Service,* 80–1 U.S.Tax Cas. (CCH) § 9366 (D.Colo.1980), and *Morse v. Commissioner,* 494 F.2d 876 (9th Cir.1974).

In response to the foregoing position, defendant simply avers that "this contention is not clear to defendant." Defend-

ant's Reply Brief at 3. In other words, defendant argues that plaintiffs are misreading subparagraph (2) of § 6512(a).[3]

Defendant points out that, if plaintiffs are contending that the amount of the Tax Court judgment was *incorrectly* computed (which they are not), based solely on the issues before it (*i.e.,* without regard to the income averaging issue), then, of course, § 6512(a)(2) is applicable. However, defendant argues, since plaintiffs' only contention is that the tax determined by the Tax Court is not correct, because an excess amount of tax has been collected, but not at variance with the decision of the Tax Court, but rather because plaintiffs failed to raise the income averaging issue before the Tax Court, in such case subparagraph (2) of § 6512(a) is not applicable.

Given the foregoing, therefore, the dispositive issues are simply—(1) whether the doctrine of *res judicata* bars litigation in this court whereas here the same parties and the same cause of action (*i.e.,* tax year 1978) were before both courts and the income averaging issue could have been raised and resolved by the Tax Court,[4] and (2) whether § 6512(a) is applicable, to the exclusion of subparagraph (2) thereof, thus precluding litigation in this court.

## DISCUSSION

Our analysis begins with the recognition that *res judicata* is a doctrine of judicial origin. In this connection, the U.S. Supreme Court stated in *Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), as to the meaning and scope thereof, that—

The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment

---

**3.** The *Morse* and *Lakovich* cases give plaintiffs no comfort because our close reading of those cases discloses that they are clearly factually distinguishable.

**4.** Black's Law Dictionary, Fifth Edition, defines *res judicata*—a matter once judicially decided is finally decided and constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.

of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound *"not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac,* [4 Otto 351] 94 U.S. 351, 352 [24 L.Ed. 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Id.* at 597, 68 S.Ct. at 719 (emphasis added).

With respect to a single cause of action, as in this case plaintiffs' taxable year 1978, initially brought in the Tax Court for a redetermination of a deficiency and a subsequent attempt to bring that same cause of action in another court, such as the U.S. District Court or the U.S. Claims Court for a refund of tax, the Second Circuit stated in *Dorl v. CIR,* 507 F.2d 406 (2d Cir.1974), the settled rule to be:

> that the filing of a timely petition with the United States Tax Court gives that court *exclusive jurisdiction thereafter barring a refund suit in the district court.*

*Id.* at 407 (emphasis added; citations omitted). In *Erickson v. United States,* 309 F.2d 760, 159 Ct.Cl. 202, (1962), the predecessor Court of Claims there also held that:

> [t]he Tax Court's jurisdiction, once it attaches, extends to the *entire subject of the correct tax for the particular year.* The cause of action then before the [Tax] Court encompass[es] all phases of the taxpayer's income tax for [the year in issue]. . . .

> \*     \*     \*     \*     \*     \*

> *That decision bars further litigation not only on those [issues] which were*

*actually raised but also on the issues which could have been raised.*

*Id.* at 767–68 (footnotes omitted; emphasis added). *Erickson* further emphasized that:

> This conclusion is not affected by the fact that the Tax Court decision was entered on the basis of an agreement by the parties to compromise the case. Tax Court judgments resting on such stipulations are *res judicata* [in spite of the fact that it was entered by consent of the parties]. . . .

*Id.* at 768. *See also Maher v. United States,* 172 F.Supp. 689, 689–90, 145 Ct.Cl. 701 (1959); *Cohen v. United States,* 2 Cl.Ct. 181 (1983); *Yamamoto v. United States,* 9 Cl.Ct. 207 (1985). The foregoing is clearly warranted because, as the Supreme Court stated in *Sunnen,* 333 U.S. at at 591, 68 S.Ct. at 715:

> Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim . . . relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the *same* claim and the *same* tax year.

*Id.* at 598, 68 S.Ct. at 719–20 (emphasis added).

It is clear beyond cavil, therefore, that on the facts here plaintiffs now seek to litigate issue(s) they could have raised before the United States Tax Court for the same taxable year. *Cf. Hosking v. Commissioner, IRS,* 62 T.C. 635 (1974). They did not, and "having had the opportunity to litigate their controversy [including the income averaging issue before the Tax Court, they] are conclusively bound by the compromise agreed upon." Thus, the result of the foregoing is that their former cause of action was merged into the Tax Court stipulated judgment and was extinguished. *See Maher,* 172 F.Supp. at 690.

Not only does the foregoing circumstance bar the plaintiffs from the right to relitigate the same cause of action in this court, it is also clear that 26 U.S.C. § 6512(a) forecloses this court from juris-

diction in this action. In short, we see nothing in subparagraph (2) of § 6512(a) that will take plaintiffs outside of the jurisdictional bar of § 6512(a). *See First National Bank of Chicago v. United States*, 792 F.2d 954 (9th Cir.1986).

## CONCLUSION

For the foregoing reasons, defendant's Motion To Dismiss is hereby granted and the Clerk is directed to dismiss the complaint. Costs shall be assessed against plaintiffs.

IT IS SO ORDERED.