**Michel LaCHANCE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 573–88C.**

United States Claims Court.

Sept. 30, 1988.

Joseph A. Faraldo, Kew Gardens, N.Y., for plaintiff.

Scott P. Boylan, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

---

ORDER

MOODY R. TIDWELL, III, Judge:

The court, *sua sponte*, after a review of plaintiff's complaint, dismisses the action based on the doctrine of res judicata.

Broadly stated, the concept of res judicata encompasses both claim preclusion (res judicata) and issue preclusion (collateral estoppel). *Dodrill v. Ludt*, 764 F.2d 442, 443 (6th Cir.1985) (per curiam). It is well settled that the application of res judicata principles is warranted in repetitious suits involving the *same* cause of action. *See Reidt v. United States*, 13 Cl.Ct. 741, 744 (1987); *Prizer v. United States*, 11 Cl.Ct. 184, 186–87 (1986) (citing, *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948)). In such cases, the doctrine permits a court to dismiss an action if it finds that a court of competent jurisdiction has previously entered a final judgment on the merits of a cause of action. *Id.* As a result of the prior adjudication, the parties to the prior suit are forever bound in a subsequent suit as to every matter which was offered and received, or any matter which could have been offered and received. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *Reidt*, 13 Cl.Ct. at 744; *Prizer*, 11 Cl.Ct. at 187.

Collateral estoppel (*i.e.*, issue preclusion), like res judicata, also has the dual purpose of protecting litigants from the vexatious task of relitigating an identical issue with the same party of its privy, and of promoting judicial economy by preventing needless litigation. *Parklane Hosiery*, 439 U.S. at 326, 99 S.Ct. at 649. As interpreted by the United States Supreme Court, the doctrine of collateral estoppel provides that once an issue is actually and necessarily determined and resolved by a court of competent jurisdiction, that determination and a resolution is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979). Moreover, the principle "must be confined to situations where the matter raised in the second suit is identical to the first proceeding and where the controlling facts ... remain unchanged." *Sunnen*, 333 U.S. at 599–600, 68 S.Ct. at 720.

Plaintiff's complaint, No. 573–88C, contains the same parties, facts and issues, as the case of *LaChance v. United States*, 15 Cl.Ct. 127 (1988). Indeed, plaintiff's present complaint mirrors the complaint filed in the prior action with the exception of a claim based on a fifth amendment taking without just compensation. That issue was summarily ruled upon in the prior action, as the court noted:

> The Claims Court would have jurisdiction over the issues at bar if plaintiff had grounded its claim upon either an implied in fact contract or a fifth amendment taking without just compensation.... Even if plaintiff had asserted a claim based on violations over which this court would have had jurisdiction, sections 1316.77–.78 of Title 21 of the Code of Federal Regulations, under which plaintiff's money was forfeited, granted the judiciary jurisdiction only if plaintiff filed a claim and a bond within twenty days of the seizure. Plaintiff failed to comply with this requirement. This court would, therefore, lack jurisdiction to address possible claims at this time. Furthermore, in reviewing a seizure and forfeiture case taken through administrative procedures, it would be improper for a court to reach the merits of the administrative decision. *United States v. One 1970 Buick Riviera*, 463 F.2d 1168, 1170 (5th Cir.), *cert. denied sub nom. National Am. Bank v. United States*, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972). Accordingly, this court must refrain from so reaching the merits now.

*LaChance*, 15 Cl.Ct. at 130.

As the facts and issues in this action have been reviewed and decided upon in a prior action, and the same parties involved, principles of res judicata apply. The Clerk

is directed to dismiss the complaint with prejudice.

IT IS SO ORDERED.