**Richard L. CHANDLER, Plaintiff–Appellant,**

v.

**COMMANDER, ARMY FINANCE AND ACCOUNTING CENTER, Defendant–Appellee.**

**No. 88–1276 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1989.

Richard Chandler, Lubbock, Tex., pro se.

Nancy M. Koenig, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Lubbock, Tex., for defendant-appellee.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

Richard Chandler is an Army veteran whose former wife was awarded a portion of his retirement pay in a consent divorce decree, converted to a direct payment to her by a subsequent application. This is his third action attempting, on the same grounds as the second, to prevent her receiving the amount awarded her. The first was an attempt to discharge the "debt" due her via bankruptcy, a failure. *In re Chandler*, 805 F.2d 555 (5th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987).

The second was an action in the district court against both his former wife, Rachel, and the present defendant, alleging that her application for direct payment was fraudulent because of a claimed prior undissolved marriage of hers that supposedly invalidated the divorce decree, so that the Army's payment of the $450 sum violated Chandler's Fifth Amendment due process and equal protection rights. The district court dismissed the action because, among other things, Chandler had filed a bill of review of the divorce proceeding that was pending in state court. Our court, in an unpublished decision, affirmed. *See Chandler v. Chandler,* 834 F.2d 1022 (5th Cir. 1987).

Four days after that decision, Richard filed this case, *pro se* and *in forma pauperis,* asserting essentially the same claims, although this time Rachael was not made a defendant. Chandler's complaint was entitled "Complaint for Mandatory Injunctive Relief in Nature of Mandamus to Compel Compliance with Federal Statutes and Defense Department Regulations." It invoked jurisdiction under 28 U.S.C. § 1361. The complaint requested the court to (a) order the Army to make the wife's monthly payment into the registry of the court rather than to her; (b) order the Army to determine the validity of the Chandlers' marriage; and (3) require the Army to "compensate plaintiff to the full extent" if the marriage is found to be invalid.

The district court dismissed the action, holding that the case involves domestic relations issues and that the state bill of review action was still pending. The court also held that mandamus should not issue since Chandler has available another adequate remedy, the bill of review.

Six days later, Chandler moved to reinstate the action and transfer it to the Court of Claims, also noticing an appeal from the order of dismissal. The court denied the motion. Chandler now appeals to us.

*Analysis*

■ Chandler seeks to differentiate this action from his second one, contending that the federal court should not abstain from exercising its authority pending disposition of the state bill of review. The effort cannot succeed; in the prior action, he contends that the Army was somehow derelict in its duties both under 10 U.S.C. § 1408 and 32 C.F.R. § 63. Although his ex-wife is not a party to this action, the case is in all other respects the same: an attempt to compel the Army to do things which it cannot do—to go beyond the state order, in all respects regular on its face, to determine the validity of Chandler's marriage and his subsequent divorce decree.

These domestic relations issues do not come before us "clad, so to speak, in sheep's clothing.... [T]his wolf comes as a wolf." *Morrison v. Olson,* 487 U.S. ——, 108 S.Ct. 2597, 2623, 101 L.Ed.2d 569 (1988) (Scalia, J., dissenting). As we noted previously, "[f]ederal courts have traditionally abstained from domestic relations cases because of strong state interest and competence in the issues presented by such cases." *Chandler,* No. 87–1430 at p. 4 [834 F.2d 1022 (table)], and cases cited therein. There we held that the constitutional claims against the Army are peripheral to this domestic relations claim. They remain so. The district court properly declined to exercise its authority over this action until the state bill of review has been concluded.

■ Chandler, in addition—after two bites at the apple, after protracted litigation on his action, and after yet another district court has advised him to pursue his state claim before seeking federal review—seeks to transmogrify it from an equitable to a damages claim. He contends that he is, in reality, seeking money damages in excess of $10,000 from the Army, representing sums he contends were wrongfully paid over. Such a claim, contends Chandler, divests the district court of jurisdiction under 28 U.S.C. § 1346(a)(2), vesting the Court of Claims with exclusive jurisdiction.

The district court correctly held this contention meritless. It is not in the interest of justice to transfer this case anywhere. *See* 28 U.S.C. § 1631. The case has already consumed an inordinate amount of judicial time and energy. The district court has already warned Chandler to cease filing frivolous pleadings; we do likewise.

AFFIRMED.