**Richard L. CHANDLER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 93–774C.**

United States Court of Federal Claims.

April 22, 1994.

Richard L. Chandler, pro se.

Donna C. Maizel, Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger (Ralph Avery, Office of Judge Advocate Gen., Dept. of Army, of counsel), for defendant.

### ORDER

NETTESHEIM, Judge.

This case is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted under RCFC 12(b)(4). The issue involves what is in effect a collateral attack on an order directing payment of monies from a federal retirement pension to a former spouse. Plaintiff has opposed and argument is deemed unnecessary.

### FACTS

Richard L. Chandler ("plaintiff") is a retired officer of the United States Army (the "Army") residing in Lubbock, Texas. On May 28, 1980, plaintiff was divorced from his

wife, Rachel Chandler. Pursuant to the divorce decree, plaintiff's wife was to receive $450.00 per month from the retirement benefits paid to plaintiff by the Army. Plaintiff made these payments in accordance with the decree until June 1981, when he learned of the Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). That case held that the Supremacy Clause of the United States Constitution prevented state courts from applying state community property laws to apportion military retirement pensions in divorce proceedings. In response to the Court's holding in *McCarty*, on September 8, 1982, Congress passed the Uniformed Services Former Spouse's Protection Act (the "Act"), Pub.L. No. 97–252, 96 Stat. 730 (1982), codified at 10 U.S.C. § 1408 (1988). The ·Act allows federal retirement pay received after June 25, 1981, to be divided by state courts. The Act also provides for the direct payment of retirement benefits to spouses if the spouse was married to a member of the Armed Forces for at least ten years during which time that member performed at least 10 years of military service. 10 U.S.C. § 1408(d)(2).

On May 2, 1983, Rachel Chandler applied to the Army for direct payment of the $450.00 monthly award. The United States Army Finance and Accounting Center (the "USAFAC") notified plaintiff on August 29, 1983, that the USAFAC had been served with a court order requiring it to withhold $450.00 per month from his retirement pay and forward this money to Rachel Chandler.

Plaintiff filed a Bill of Review (the "BOR") in Texas state court challenging the validity of his divorce and attempting to set aside the property settlement. Plaintiff claimed, and continues to claim, that before Rachel Chandler and he were married, she did not obtain a legal divorce from a prior marriage in Mexico. Because she was still married at the time of her marriage to plaintiff, he alleged that their marriage was void. Since Texas law requires that a valid divorce contain a finding that a valid marriage existed, the divorce was void as well. After being notified of this action, the USAFAC began holding the disputed payments in an escrow account pending resolution of the BOR.

Before this BOR action was concluded, however, plaintiff initiated Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Texas. In its memorandum and order dated April 2, 1985, the bankruptcy court ordered plaintiff to pay Rachel Chandler the amount that had been held in escrow. The court determined that the $450.00 monthly payments were the property of Rachel Chandler, held by Richard Chandler as trustee pursuant to the divorce decree. The court also issued an order allowing the USAFAC to make direct payments to Rachel Chandler because plaintiff had breached his fiduciary responsibility to her as trustee. *In re Chandler*, No. 584–50184 (Bankr.N.D.Tex. Apr. 2, 1985). The USAFAC ceased placing payments in escrow and began making direct payments to Rachel Chandler in June 1985.

On plaintiff's appeal to the United States District Court for the Northern District of Texas, the Bankruptcy Court's order was affirmed on October 31, 1985. On March 3, 1986, the same court denied plaintiff's motion for reconsideration and motion for contempt against both the Army and Rachel Chandler. *In re Chandler*, No. CA–5–85–120 (N.D.Tex. Mar. 3, 1986) (unpubl.), *aff'd*, 805 F.2d 555 (5th Cir.1986), *cert. denied*, 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987). Plaintiff again sought to overturn the requirements of the divorce decree in district court on due process and equal protection grounds. On April 10, 1987, the district court dismissed plaintiff's renewed claims. *Chandler v. Chandler*, No. CA–5–87–10 (N.D.Tex. Apr. 10, 1987), *aff'd*, 834 F.2d 1022 (5th Cir.1987) (Table). On November 20, 1987, plaintiff filed suit against the USAFAC, requesting that the court order the Army to cease payments to Rachel Chandler. The court dismissed this suit, holding that the state BOR action was the proper forum for plaintiff's claim. *Chandler v. Commander, Army Fin. and Accounting Ctr.*, CA5–87–239 (N.D.Tex. Mar. 23, 1988) (unpubl.). The same court denied plaintiff's motion to reinstate the action and have it transferred to the United States Claims Court. *Chandler v. Com-*

*mander, Army Fin. and Accounting Ctr.,* CA5–87–239 (N.D.Tex. Apr. 22, 1988) (unpubl.), *aff'd,* 863 F.2d 13 (5th Cir.1989). The Fifth Circuit noted that aside from the addition of the USAFAC as a defendant, this case was

> in all other respects the same [as the previous suit against Rachel Chandler]: an attempt to compel the Army to do things which it cannot do—to go beyond the state order, in all respects regular on its face, to determine the validity of Chandler's marriage and his subsequent divorce.

863 F.2d at 15. Both the district court and court of appeals admonished plaintiff to cease filing frivolous pleadings. On November 15, 1989, the district court denied plaintiff's motion to vacate and set aside void orders in his previous bankruptcy case. The court termed these motions "frivolous" and assessed sanctions against plaintiff in the amount of $5,000.00. *In re Chandler,* No. CA–5–87–10 (N.D.Tex. Nov. 13, 1989) (unpubl.).

Plaintiff filed suit in the United States Claims Court on June 19, 1989, seeking recovery of military benefits he alleged were improperly paid to Rachel Chandler. In his complaint plaintiff asserted that the Army made payments directly to Rachel Chandler even though it knew plaintiff's marriage to her was void. Transcript of Proceedings, *Chandler v. United States,* No. 161–89C, at 1 (Cl.Ct. Feb. 8, 1990) (hereinafter "Tr."). Plaintiff also claimed that the Army breached a contract or escrow agreement established by Army regulations promulgated under the Act. Tr. at 8. The court dismissed plaintiff's complaint on res judicata and jurisdictional grounds. The court characterized plaintiff's complaint as an attempt to reassert claims that had previously failed in other federal courts. In addition, the court held that it lacked jurisdiction to adjudicate domestic relations matters. Tr. at 5. The court also held that the Act was not a money-mandating statute, and that neither the statute, the regulations, nor the escrow agreement established contract-based jurisdiction for his claims. Tr. at 8–9. Again, plaintiff was warned that "[t]his recreational litigation against the Army must stop." Tr. at 6. The court denied plaintiff's subsequent motion for

reconsideration. Order entered in *Chandler v. United States,* No. 161–89C (Cl.Ct. Mar. 16, 1990). Six days later, the Federal Circuit allowed plaintiff's appeal of the district court case to be forwarded for appeal. *In re Chandler,* 902 F.2d 43 (Fed.Cir.1990). The Claims Court, however, denied plaintiff's application to prosecute his appeal *in forma pauperis. Chandler v. United States,* No. 161–89C (Cl.Ct. May 8, 1990). The Federal Circuit subsequently affirmed the district court's November 15, 1989 order. *Chandler v. Chandler,* 923 F.2d 869 (Fed.Cir.1990), *reh'g denied,* No. 90–1286 (Fed.Cir. Dec. 7, 1990), *cert. denied,* 499 U.S. 965, 111 S.Ct. 1595, 113 L.Ed.2d 658 (1991).

Plaintiff then returned to state court to prosecute his BOR. Prior to trial both plaintiff and Rachel Chandler filed motions for summary judgment. On May 25, 1990, the state trial court denied Rachel Chandler's motion for summary judgment and granted plaintiff's motion for partial summary judgment "as to the issue of a prima facia meritorious defense," allowing the case to proceed to trial. *Chandler v. Chandler,* No. 87–5225 (41st Dist.Tex. May 25, 1990) (unpubl.). After a full trial, plaintiff's marriage was held to be valid and his divorce was upheld on the merits. On December 2, 1992, the Court of Appeals of Texas affirmed the trial court's holding. *Chandler v. Chandler,* 842 S.W.2d 829 (Tex.App.1992), *writ denied* (Apr. 7, 1993).

A brief summary of the prior courts' determinations is helpful in understanding the present disposition of plaintiff's claims. In 1985 the bankruptcy court determined that the $450.00 monthly payments were the property of Rachel Chandler and that Richard Chandler merely held this money as trustee pursuant to the divorce decree. The court also issued an order pursuant to the Act allowing the USAFAC to make direct payments to Rachel Chandler. Three years later both the District Court for the Northern District of Texas and the Fifth Circuit instructed plaintiff that the USAFAC had acted on a facially valid divorce decree and that federal courts were not the proper forum for contesting his divorce. In 1989 the United States Claims Court rejected plain-

tiff's claims that the Act was a money mandating statute and that plaintiff's claim fell under the contract based jurisdiction of the court. Finally, plaintiff's state BOR action upheld the validity of his marriage to Rachel Chandler and their subsequent divorce.

On December 21, 1993, plaintiff filed suit in the United States Court of Federal Claims seeking to recover the payments made by the Army to Rachel Chandler. Plaintiff's complaint claimed that the USAFAC's payments to Rachel Chandler were invalid because the Army was on notice that plaintiff's marriage was void. Alternatively, plaintiff claimed that the state trial court's order granting plaintiff's motion for partial summary judgment "recognize[d] the invalidity of the Mexican divorce claimed by Rachel Chandler and renders her marriage to plaintiff void." Compl. ¶ 17. In addition, plaintiff asserted that the divorce decree on which the USAFAC relied in making direct payments to Rachel Chandler was void on its face because it did not find that a valid marriage existed.

Defendant moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(4). Defendant asserts that it is immune from liability for Act payments made pursuant to a decree that is regular on its face. Since a previous court has held that the decree is facially valid, res judicata prevents this court from finding otherwise. The state court's decision upholding plaintiff's divorce, defendant argues, is further evidence that the divorce decree was facially valid.

Subsequent to defendant's filing of its motion to dismiss, plaintiff moved to amend his complaint pursuant to RCFC 15(a). The proposed amended complaint asserts nine claims: 1) that either Rachel Chandler or the Army misrepresented the terms of the divorce decree to make it appear that it was a court order under the Act when it was presented to the USAFAC; 2) that the nunc pro tunc amendment of Rachel Chandler's previous marriage record by a Mexican court was void; 3) that section 1006(b) of the Act, 10 U.S.C. § 1408(b), bars payment of retired pay in any other manner than that in effect on June 26, 1981; 4) that plaintiff's divorce decree was not a court order under the Act;

5) that the divorce decree is not regular on its face; and 6) that the state court's grant of summary judgment in favor of plaintiff in his BOR action renders Rachel Chandler, at best, a putative spouse and that the USAFAC wrongly made direct payment to her with knowledge that she was a putative spouse. Counts 7 and 8 seek sanctions and a contempt order against defendant for moving to dismiss plaintiff's complaint. Count nine asks this court "to remand all matters pertaining to the manner and procedures to be followed" to determine the allegations made in the complaint.

## DISCUSSION

■ Plaintiff has blazed a trail of litigation spanning nine years and generating over a score of rulings. He has litigated and relitigated the validity of his divorce and the accompanying payments to his wife in no less than nine different state and federal courts. As a member of an effective democratic society, it is plaintiff's right to seek redress in our nation's courts against others and also against the sovereign. With dogged persistence plaintiff has availed himself of this privilege to its fullest extent. But, as with other rights, the right to seek redress in court is not without bounds. Several doctrines have evolved over the years to ensure that this freedom does not become an instrument of harassment. One such doctrine is the doctrine of res judicata. As the Supreme Court explained:

> Simply put, the doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

*Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2917–18, 77 L.Ed.2d 509 (1983) (quoting *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1877)). This doctrine serves the public policy of preserving repose and "putting an end to litigation." *Foster v. Hallco Mfg. Co.,* 947 F.2d 469, 475–

76 (Fed.Cir.1991). A plaintiff is barred from relitigating the same transactional facts even though they are cloaked in a different cause of action or theory of recovery. *Vitaline Corp. v. General Mills, Inc.*, 891 F.2d 273, 275 (Fed.Cir.1989) (citing *Young Eng'rs, Inc. v. United States*, 721 F.2d 1305, 1314 (Fed. Cir.1983)); *see Woods v. Dunlop Tire Corp.*, 972 F.2d 36 (2d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 977, 122 L.Ed.2d 131 (1993) (holding that employee's claim alleging discharge in violation of collective bargaining agreement precluded subsequent action under Title VII for the same discharge), *Vitaline*, 891 F.2d 273 (holding that prior action alleging fraud in obtaining trademark precluded subsequent action seeking cancellation of competitor's trademark on grounds of abandonment). A court may raise the issue of res judicata *sua sponte*. *See LaChance v. United States*, 15 Cl.Ct. 557, 558 (1988), *Bayshore Resources v. United States*, 2 Cl.Ct. 625, 639 (1983).

■ In determining whether a "claim" is barred by res judicata, the court must examine the facts giving rise to the suit. *Foster*, 947 F.2d at 478 (defining a claim as "a particular factual transaction or series thereof on which a suit is brought."). Applying the definition in *Foster*, it is evident that plaintiff's claim is the same claim he has brought numerous times. The prior litigation in the Claims Court determined that plaintiff had no cause of action against defendant under the Act or under any express or implied contract. These same claims are reasserted in claims 1 and 4 of his proposed amended complaint. The Northern District of Texas and the Fifth Circuit have determined that the Army acted on a facially valid decree. This same claim is reasserted in claim 5. The subsequent BOR action in the state court determined conclusively the validity of his divorce. Plaintiff attempts to raise this issue in claim 2. Plaintiff may not now relitigate these claims simply because he does not agree with their outcome.

Plaintiff's attempt in claim 6 to resurrect his case by characterizing the state trial court's ruling on summary judgment motions as a holding that his marriage was void evinces a fundamental misunderstanding of the trial court's order. The order states that, under the standard applied to motions for summary judgment, sufficient dispute existed regarding the validity of plaintiff's marriage to preclude a grant of summary judgment in his wife's favor. Plaintiff merely was allowed to proceed to trial on that issue. The order did not resolve any issues on the merits. The validity of his marriage was upheld after the trial. Nothing has changed since plaintiff's last claim was dismissed from this court. In fact, the basis for the prior dismissal has been strengthened by the state trial court's final decision.

■ Plaintiff's invocation in claim 3 of the transition provisions of section 1006(b) of the Act, 10 U.S.C. § 1408(b) note, which, plaintiff asserts, "specifically bars payment of retired pay in any other manner than that in effect on June 26, 1981," Amended Compl ¶ 11, is a desperate, willful mischaracterization of both the facts and the law. The Act only prohibits such payments when made pursuant to a court order that became final before June 26, 1981. 10 U.S.C.A. § 1048 n.(a) (1983). The court order authorizing the USAFAC to make direct payments to Rachel Chandler was the Bankruptcy Court's order which was entered in 1985. *In re Chandler*, No. 584–50184, slip. op. at 13. Plaintiff even acknowledged this in the complaint that he filed in the Northern District of Texas on Jan. 11, 1987 at § 24. The transitory provisions of the Act are inapplicable.

The court can discern no basis for the sanctions or contempt order prayed for in plaintiff's proposed amended complaint. The final claim for remand is rendered moot by the preceding ruling.

All of the claims asserted in plaintiff's proposed amended complaint are either barred by res judicata or are otherwise without merit. Since amending the complaint would be futile, this court need not grant plaintiff's motion to amend. *Mitsui Foods v. United States*, 867 F.2d 1401, 1403–04 (Fed.Cir. 1989).

■ Plaintiff has shown an unusual disregard for the holdings of the Claims Court and other courts and a disturbingly cavalier attitude about his presentation of the facts

relevant to his claims. Despite repeated holdings affirming the validity of his divorce and the payments made by the Army, plaintiff continues to prosecute his meritless claims with abusive zeal. He will no longer be allowed to squander the resources of the court or defendant with frivolous litigation. Accordingly, based on the foregoing,

**IT IS ORDERED,** as follows,

1. Defendant's motion to dismiss is granted. The Clerk of the Court shall dismiss the complaint with prejudice.

2. Plaintiff's pending dispositive motion and motion to amend the complaint are denied as moot.

3. Defendant is directed not to respond to any paper filed in the Court of Federal Claims by this plaintiff under any docket number or caption unless specifically ordered to do so by a judge of the court. *Sterner v. United States,* 2 Cl.Ct. 253, 255 (1983).