being sent to Vietnam to do service for white registrants. Whether that is true or not, is not shown by the present record as there was no hearing.

It is common talk that in some areas where all-white Boards sit, the white registrant as distinguished from the black, need not even ask for deferment in order to obtain it. The presence of an all-white Board may, however, not be the basis of any lawful complaint. For on the facts of a particular case a I–A classification may be wholly warranted, irrespective of the racial context of the Board. On the other hand, the presence of an all-white Board in a racially prejudiced community may well result in blacks carrying more than their fair share of the Vietnam burden. Cf. *Wolff* v. *Selective Service Local Bd.,* 372 F. 2d 817. I assume that is what 50 U. S. C. App. § 455 (a) was designed to prevent. I would grant this petition for certiorari.

No. 343. UNITED STATES *v.* AN ARTICLE OF DRUG . . . BACTO-UNIDISK . . . , 394 U. S. 784;

No. 1126. FARINELLA ET AL. *v.* UNITED STATES, 394 U. S. 1000;

No. 1713, Misc. JESSY *v.* SUPERIOR COURT OF CALIFORNIA ET AL., 394 U. S. 1021; and

No. 1732, Misc. BULLIS *v.* HOCKER, WARDEN, *ante,* p. 915. Petitions for rehearing denied.

No. 1256, Misc. CAMPBELL *v.* UNITED STATES, 393 U. S. 1121. Motion for leave to file petition for rehearing denied.

No. 1290, Misc. RALPH *v.* MARYLAND, 394 U. S. 1002. Petition for rehearing and stay of execution denied.