**32**

**MARK SMITH CONSTRUCTION CO., INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 53–87C.**

United States Claims Court.

June 9, 1988.

Mark A. Smith, III, Atlanta, Ga., atty. of record, for plaintiff.

E. Richard Southern, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

OPINION

REGINALD W. GIBSON, Judge:

*Introduction*

Plaintiff, Mark Smith Construction Co., Inc. (Smith) filed a four-count complaint, its second,[1] in this court on February 2, 1987, seeking $107,099.51 in construction related equitable adjustments and an unspecified amount of interest on a payment allegedly withheld under contract No. J131c–347. Smith filed the instant complaint, notwithstanding the prior dismissal of the identical four (4) counts for want of jurisdiction, purportedly because the contracting officer failed to issue a final decision on the claims presented herein or even acknowledge that a decision would be forthcoming as required by the Contract Disputes Act, 41 U.S.C. § 605(c)(1).[2] Jurisdiction in this court is asserted under the Contract Disputes Act, 41 U.S.C. §§ 609(a)(1),[3] and [4] and

---

1. Said contract matter was *previously* before this court (*i.e.,* case no. 415–84C, filed on August 13, 1984) in a five-count complaint in which plaintiff's claim was dismissed with prejudice for want of jurisdiction, in an opinion dated July 31, 1986, on Counts I through III and V, while Count IV was dismissed without prejudice, *infra.*

2. 41 U.S.C. § 605(c) provides, *inter alia,* that (1) "the contracting officer shall issue a decision on any submitted claim of $50,000 or less within sixty days from his receipt of a written request from the contractor that a decision be rendered in that period"; and (2) that the "contracting officer shall, within sixty days of a receipt of a submitted certified claim over $50,000—(A) issue a decision; or (B) notify the contractor of the time within which a decision will be issued." 41 U.S.C. § 605(c)(1) and (2).

The Act further provides, § 605(c)(5), that "[a]ny failure by the contracting officer to issue a decision on a contract claim within the period required will be *deemed* to be a decision by the

contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this act. 41 U.S.C. § 605(c)(5). *See also, Skelly & Loy v. United States,* 231 Ct.Cl. 370, 376, 685 F.2d 414, 418 (1982).

3. Plaintiff's jurisdictional statement was not fully reproduced. In fact, the operative averment was cut off midway through the sentence (Complaint, p. 1, para. 3). However, the essence of its response to defendant's motion to dismiss leads this court to conclude that jurisdiction was asserted under the aforementioned statutes.

4. 41 U.S.C. § 609(a)(1) provides, in pertinent part that, in lieu of appealing the decision of the contracting officer to an agency board, a contractor may bring an action directly on the claim in the United States Claims Court. Once made, a forum election is generally irrevocable. *See Essex Electro Engineers, Inc. v. United States,* 702 F.2d 998, 1002–03 (Fed.Cir.1983); *Santa Fe Engineers, Inc. v. United States,* 230 Ct.Cl. 512, 515–17, 677 F.2d 876, 878–79 (1982).

28 U.S.C. § 1491(a)(1).[5] Plaintiff's Brief In Opposition to Defendant's Motion to Dismiss.

This case is again before the court on defendant's RUSCC 12(b)(4) motion to dismiss for failure to state a claim upon which relief can be granted. By such challenge herein, defendant asserts that the current issue of jurisdiction raised in its motion is controlled by the doctrine of res judicata. In other words, the defendant specifically contends that this court's *prior* decision in *Mark Smith Construction Co., Inc. v. United States*, 10 Cl.Ct. 540 (1986)[6] (hereinafter *Smith Const. I*), dismissing the plaintiff's claims for lack of jurisdiction, is controlling and dispositive with regard to the jurisdictional issue at bar. Thus, reasons defendant, the doctrine of res judicata as applied to the jurisdictional issue precludes this court from accepting jurisdiction over the identical claims raised in this complaint as were previously raised and disposed of in *Smith Const. I*. We find, because of said circumstance, that the defendant's position is well founded. Accordingly, for the reasons hereinafter expressed, this court is compelled to again grant the defendant's motion to dismiss the identical four (4) counts which were previously raised in the complaint filed August 13, 1984.

*Statement of the Case*

"Because the Court is dismissing [all of the four counts in] the above captioned case on the basis of res judicata, a review of the facts in the plaintiff's *prior* suit is necessary." *See Reidt v. United States*, 13 Cl.Ct. 741 (1987). Therefore, the section of this court's prior opinion in docket no. 415–84C, filed on July 31, 1986, entitled "Statement of the Case," is quoted, *in haec verba*, as follows:

In this five [7] count government contract case, Mark Smith Construction Co. seeks $108,000 in construction related equitable adjustments, an unspecified amount of interest on a withheld payment, and the refund of some $8,000 in retainage previously applied by the contracting officer toward the payment of the wages of one of plaintiff's subcontractors as required under the Davis–Bacon Act. These claims arise out of a contract (# J131c–347) entered into on January 24, 1983, between plaintiff and the Bureau of Prisons, Department of Justice (BOP), for the renovation of the third floor of the U.S. Penitentiary in Atlanta, Georgia. Plaintiff alleges that its claims, all counts, are properly here pursuant to the direct access provision of the Contract Disputes Act (CDA), 41 U.S.C. §§ 601–613 (1982). . . .

\* \* \* \* \* \*

. . . Prior to filing subject action in this court on August 13, 1984, plaintiff presented the three equitable adjustment claims (Counts I–III of the complaint here) and the withheld payment claim (Count V of the complaint here) to the contracting officer, Janice B. Dumas. Ms. Dumas denied each claim by sepa-

---

**5.** 28 U.S.C. § 1491(a)(1) provides that "[t]he United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States. . . ." Thus, this court has jurisdiction under this section over claims founded upon a contract with the United States. *See Levy v. United States*, 10 Cl.Ct. 602, 607 (1986).

**6.** In *Smith Const. I*, this court found that Smith knowingly made an irrevocable forum election in which to pursue its claims, *i.e.*, the Department of Transportation Contract Appeals Board (DOT CAB or Board). 10 Cl.Ct. at 545. Because of this fact, the court ruled as a matter of law that it could not set aside the plaintiff's prior binding election. 10 Cl.Ct. at 545–46. Additionally, the court there also declined Smith's re-

quest that the case be remanded to the Board noting that in any case not within its jurisdiction, the court does not have the power to remand. 10 Cl.Ct. at 546 n. 5 (citations omitted). Consequently, the prior action was dismissed with prejudice.

**7.** The *current* complaint (No. 53–87C) contains only four (4) counts, all of which "matters have previously been presented to the . . . Court [in] case No. 415–84C" which was dismissed by the above-noted opinion of July 31, 1986. *See* Plaintiff's Complaint (No. 53–87C) dated February 2, 1987, at p. 1. Counts I through III are similarly numbered in the initial and subsequent complaints. Count IV of the initial complaint was dropped from the second complaint and Counts V and IV of the initial and second complaints, respectively, are also identical.

rate letters to plaintiff dated December 16, 1983, February 21, 1984, February 21, 1984, and January 4, 1984. Plaintiff was *specifically* informed by each letter of its right to appeal each denial to either the Department of Transportation Contract Appeals Board (Board) or to the U.S. Claims Court. Initially, relative to what has been described *supra* as Counts I–III and V in this court, plaintiff previously filed timely notices of appeal and then complaints with said Board. Answers thereto were later filed in opposition to each appeal by the BOP, and pretrial discovery was also commenced.

Thereafter, during the discovery phase, plaintiff apparently had a change of heart relative to the precise forum in which it desired to pursue its appeals and proceeded to modify its litigation strategy. Motion(s) for dismissal, without prejudice, as to claims later filed in this court as Counts I–III and V, were filed with the Board. On June 18, 1984, without explanation, plaintiff's motions were granted by the Board, and the Board appeals relative to Counts I–III and V (*i.e.,* docket Nos. 1471, 1512, 1517, and 1454, respectively) were dismissed without prejudice with concurrence of respondent, the defendant here.

Less than two months later, on August 13, 1984, plaintiff's five count complaint was filed in this court. Contained therein, as noted *supra,* were Counts I–III and V, which were in all material particulars identical to those four docketed claims, *supra,* appealed to and later dismissed by the Board on June 18, 1984. In addition, as Count IV, plaintiff alleged a "conspiracy" between the BOP and the Department of Labor (DOL) in instigating an investigation of plaintiff's and its subcontractor's wage practices relative to the standards of the Davis–Bacon Act, 40 U.S.C. § 276a et seq. (1982). Plaintiff alleges, *inter alia,* that this investigation cost it $8,000 in wage payments wrongfully withheld from it due to the alleged wrongful wage practices of its subcontractors....

*Smith Const. I,* 10 Cl.Ct. at 541–43 (emphasis in original).

For purposes of the current (April 3, 1987) motion to dismiss, the defendant accepts as true the plaintiff's assertions contained in the complaint. Defendant's Motion to Dismiss p. 2, n. 1. *Reynolds v. United States,* 846 F.2d 746 (CAFC 1988). Therefore, the court finds that the operative facts, delineated *infra,* are undisputed by the parties.

In the *present* action, following the court's opinion of July 31, 1986, granting defendant's motion to dismiss all five counts in the initial complaint for want of jurisdiction, Smith, once again, filed a four-count complaint, each of which counts was, admittedly, "previously ... presented ... [in] Case No. 415–84C" in this court. Therein, and similarly as in the initial complaint, plaintiff argued that it is entitled to the following adjustments in the price of contract number J131c–347, entered into on January 24, 1983, with the Bureau of Prisons, Department of Justice (BOP) for renovation of the third floor of the United States Penitentiary in Atlanta, Georgia: (i) $27,439.21 for the increased transportation costs to it resulting from the government's denial of access to and use of an elevator adjacent to the work site; (ii) $46,660.30 for the increased contract costs to it resulting from a government imposed reduced workday; (iii) $33,000 for the increased costs resulting from the government's harassment of the plaintiff during the performance of the contract; and (iv) an unspecified sum representing an amount of interest due from the government for withholding and subsequently reducing Pay Request # 10. Complaint, pp. 3, 5, 7, and 8. The conspiracy claim, *i.e.,* Count IV of the prior lawsuit, has been dropped from the second (February 2, 1987) complaint, presumably because it sounds in tort. *See* 28 U.S.C. § 1491(a)(1).

With respect to the four (4) counts averred in the second complaint, Smith candidly admits that the contracting officer previously rendered final decisions on these identical claims; that those decisions were previously appealed to this court; and that such were dismissed, with prejudice, for lack of jurisdiction (Complaint, p. 1). *See*

*Smith Const. I, supra.* However, in support of its so-called "new" cause of action, Smith further states that he *resubmitted* the same four (4) claims to the contracting officer; that he (the contracting officer) has failed to render a decision as required under the Contract Disputes Act; and that this instant appeal is "in compliance with findings [sic] in [*W.M.*] *Schlosser* [*Company, Inc. v. U.S.*], 705 F.2d [1336] at 1340 [Fed.Cir.1983]."

### Contentions of the Parties

#### A. Plaintiff

Against this background, Smith, relying upon *Skelly & Loy v. United States*, 231 Ct.Cl. 370, 685 F.2d 414 (1982), and *W.M. Schlosser Co., Inc. v. United States*, 705 F.2d 1336 (Fed.Cir.1983), argues that its *resubmission* of the above-enumerated claims to the contracting officer, and the contracting officer's failure, after 60 days, to issue a decision thereon, entitles it, under the Contract Disputes Act, to seek *de novo* review of said claims in this court. 41 U.S.C. § 605(c)(1), (2), and (5); 41 U.S.C. § 609(a)(1). Therefore, Smith presses this court, on the foregoing theory, to find that defendant's motion to dismiss should be denied.

#### B. Defendant

Conversely, the essence of the defendant's motion, as previously stated, is that this court simply lacks jurisdiction over the plaintiff's claims; and, moreover, that this court previously so ruled on these identical four (4) claims. *See Smith Const. I, supra.* In light of this court's prior dispositive ruling on the issue of jurisdiction, argues defendant, the doctrine of res judicata bars the plaintiff from *relitigating* the jurisdictional issue presented by the same four (4) claims. Defendant's Motion to Dismiss, p. 1. Thus, concludes defendant, this action should be dismissed for failure to state a claim upon which relief can be granted.

### Issue

The definitive issue we must address, therefore, is—whether the doctrine of res judicata bars subsequent litigation of claims where such were previously dismissed with prejudice for lack of jurisdiction.

### Discussion

In its factual Statement of the Case, Smith justifies its position, in opposition to defendant's motion to dismiss, by averring: that on August 13, 1984, it (Smith) filed a complaint in this court (No. 415–84C) "which included the same cause of action as set forth in its present complaint [No. 53–87C]"; that this court dismissed the initial complaint (No. 415–84C) because it (Smith) previously irrevocably elected to appeal the contracting officer's adverse decision to the DOT CAB; and as a consequence, it (Smith) refiled four of the previously filed claims with the contracting officer, and failing the receipt of a decision, after more than 60 days, it (Smith) again filed a complaint in this court which included the previously filed four (4) claims. Presumably, plaintiff undoubtedly is posturing the argument, though not specifically averred in words and phrases, that the foregoing scheme sanitizes its prior appeal to the Board of the four (4) claims, and having refiled to the Board somehow generates so-called "new claims" permitting a *de novo* review in this court upon the failure of the contracting officer to issue a decision as required by 41 U.S.C. § 605(c). In support of this bizarre theory, plaintiff hospitably relies on *Skelly & Loy v. United States*, 231 Ct.Cl. 370, 685 F.2d 414 (1982), and *W.M. Schlosser Co. v. United States*, 705 F.2d 1336 (Fed.Cir.1983). Suffice it to say, we find that even a cursory reading of the foregoing cases requires us to hold that they give plaintiff no comfort inasmuch as they are totally inapposite to the res judicata issue in this case, as explained below.

This court's analysis, therefore, must begin with a discussion of the doctrine of res judicata inasmuch as said principle is dispositive of the issues herein. Broadly stated, the concept of res judicata encompasses both claim preclusion (res judicata) and issue preclusion (collateral estoppel). *Dodrill v. Ludt*, 764 F.2d 442, 443 (6th Cir. 1985) (per curiam). It is well settled that the application of res judicata principles is

warranted in repetitious suits involving the *same* cause of action. *See Reidt v. United States,* 13 Cl.Ct. 741, 744 (1987); *Prizer v. United States,* 11 Cl.Ct. 184, 186–87 (1986) (citing, *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898, 905 (1948)). In such cases, the doctrine permits a court to dismiss an action if it finds that a court of competent jurisdiction has *previously* entered a final judgment on the merits of a cause of action. *Id.* As a result of the prior adjudication, the parties to the prior suit are forever bound in a subsequent suit as to every matter which was offered and received, or any matter which could have been offered and received. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649, 58 L.Ed.2d 552, 559 (1979); *Reidt,* 13 Cl.Ct. at 744; *Prizer,* 11 Cl.Ct. at 187. "In determining whether the principles of res judicata apply, the Court must [consider]: 1) whether the parties are legally identical; 2) whether the transactions or events underlying the claims are substantially related; and 3) whether the non-moving party had a 'full and fair opportunity to litigate' the claim." *Reidt,* 13 Cl.Ct. at 744 (citing, *J.C. Bass v. United States,* 11 Cl.Ct. 295, 299–300 (1986)).

Collateral estoppel (*i.e.,* issue preclusion), like res judicata, also has the dual purpose of protecting litigants from the vexatious task of *relitigating* an identical issue with the same party or its privy, and of promoting judicial economy by preventing needless litigation. *Parklane Hosiery,* 439 U.S. at 326, 99 S.Ct. at 649, 58 L.Ed.2d at 559. As interpreted by the U.S. Supreme Court, the doctrine of collateral estoppel provides that once an issue is actually and necessarily determined and resolved by a court of competent jurisdiction, that determination and resolution is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210, 216–17 (1979). Moreover, the principle "must be confined to situations where the matter raised in the second suit is identical to the first proceeding and where the controlling facts ... remain unchanged."

*Sunnen,* 333 U.S. at 599–600, 68 S.Ct. at 720, 92 L.Ed.2d at 907.

Given the foregoing case law interpreting these two concepts, this court finds that the facts underlying the *instant* action call for an application of the principles of res judicata. First, the parties to the previous and instant litigation are identical. Second, the present complaint (No. 53–87C) raises the same four (4) claims involving contract number J131c–347 which were also raised in the prior (No. 415–84C) lawsuit. Third, the transaction underlying the instant claims is identical to that which is described in *Smith Const. I, supra.* Fourth, the same jurisdictional issue raised in *Smith Const. I, supra,* is unquestionably raised herein. Finally, Smith was given a full and fair opportunity to litigate the jurisdictional issue in question under both complaints. *See Smith Const. I, supra.* Unless plaintiff can overcome the *prima facie* hurdle pleaded by the defendant and bring its case under a recognized exception to the application of the res judicata doctrine, this court is constrained to grant defendant's motion.

As previously stated, under res judicata a final judgment on the merits will bar further claims by the same parties based upon the same cause of action. *Reidt,* 13 Cl.Ct. at 744. However, this general rule is excepted to in certain instances where application of the doctrine would—contravene an overriding public policy; or result in manifest injustice, *see Levy v. United States,* 10 Cl.Ct. 602, 610–11 n. 9 (1986) (citations omitted), such as would occur if the controlling facts or legal principles have changed significantly, *Montana,* 440 U.S. at 155, 99 S.Ct. at 974–75, 59 L.Ed.2d at 218.

Except for citing to *Skelly & Loy* and *W.M. Schlosser, supra,* which are thoroughly inapposite, plaintiff has not offered any plausible rationale which would possibly dissuade this court from affording preclusive effect to the *Smith Const. I* decision. To the contrary, plaintiff admits that identical claims (*i.e.,* four (4) counts) were presented to the court in *Smith Const. I* as are submitted in the complaint at bar.

Complaint, p. 1. Nonetheless, relying on *Skelly & Loy, supra*, and *W.M. Schlosser, supra*, plaintiff tortiously argues that the resubmission of said claims (four counts) to the contracting officer *ipso facto* entitles it to elect, *anew*, whether it would appeal such decision to the appropriate appeals board or to this court as provided under the Contract Disputes Act, 41 U.S.C. § 609(a)(1). This argument, to be charitable, strains credulity and at best deserves short-shrift for the reasons expressed below.

Contrary to plaintiff's assertion, neither *Skelly & Loy, supra*, nor *Schlosser, supra*, have any relevance to the res judicata issue this court must decide. This is so because *Skelly* simply involved an action where the contractor had failed to certify its claim(s) under the Contract Disputes Act with respect to claims submitted in excess of $50,000. Section 605(c)(1). The *Skelly* court held that, as a consequence of the plaintiff's failure to *certify* its claim, "we have no jurisdiction, under the CDA, to entertain [such] an uncertified claim." *Id.* 685 F.2d at 417. Likewise, in *Schlosser, supra*, the issue involved was a similar failure by the contractor to certify a claim, as required, to the contracting officer. There plaintiff elected to appeal to the board from an adverse contracting officer's decision under the CDA, rather than by direct access to this court. The board denied the appeal and upon review by the Court of Appeals for the Federal Circuit (CAFC) it held that "we have no jurisdiction because the claim ... to the contracting officer was not certified." *Id.* at 1337. The *Skelly & Loy* court went on to hold, which holding was also adopted by the *Schlosser* court, that where a claim is dismissed, for want of jurisdiction, *because it is not certified*, as required,—

> The proper course of action—for a contractor whose case is dismissed for lack of jurisdiction—is the following: (1) properly certify the claim; (2) resubmit the claim to the contracting officer; and (3)

if there is then an adverse contracting officer's decision, appeal either to the board (section 606) or directly to this court (section 609). [footnote omitted].
*Id.* at 419.

Plaintiff seeks to remedy its binding forum election (*i.e.*, initially to the Board) by embracing the remedial holding(s) in the above-cited cases. This clearly cannot be done simply because the want of certification in *Skelly & Loy* and in *Schlosser* is *not* an issue in the case at bar. Simply stated, here, plaintiff initially knowingly and irrevocably elected to appeal from the contracting officer's decision to the Board which jurisdictional issue was adjudicated in *Smith Const. I, supra*. Thereafter, it refiled the identical dismissed claims with the contracting officer and appealed the same therefrom to this court. Given the fundamental res judicata issue presented by this circumstance, plaintiff misses the point by citing to case law irrelevant to that issue. Smith's travail, as a consequence, is entitled to no credence by this court.

Despite plaintiff's specious assertion that its claims are properly before this court, in view of the foregoing, we hold that such must be dismissed pursuant to the doctrine of res judicata. The plaintiff's abortive effort to cure the jurisdictional defect that heretofore resulted in dismissal of its complaint is insufficient to trigger a viable exception to the res judicata doctrine. In short, plaintiff simply fails to offer the court either authority or fact upon which such action could properly be premised. Relitigation as proposed by plaintiff, with regard to jurisdiction, therefore, would contravene all of the above-cited principles. Thus, this court is constrained to hold, as a matter of law, that the judgment in *Smith Const. I*, dismissing Counts I through III and V with prejudice, extinguished the plaintiff's cause of action in this court with regard to the claims submitted therein.[8]

---

8. In clarification, it is noteworthy that, while the court in its prior judgment specifically declined to reach the merits of the underlying claims, *see Smith Const. I*, 10 Cl.Ct. at 541 and n.

1 therein, the court did reach the merits of the jurisdictional issue. *Id.* Moreover, with regard to Counts I through III and V, raised in the prior decision (and similarly raised as Counts I

**38**

The court also holds that, except as previously noted, a cause of action identical to that raised in *Smith Const. I* is presented in the four (4) counts of the instant complaint. Finally, the court further finds that the issue of jurisdiction, raised at bar, was definitively decided in *Smith Const. I, supra.*

*Conclusion*

The cause of action set forth in Counts I through IV in the above-captioned case is, therefore, barred by the doctrine of res judicata. Accordingly, this action is dismissed on the basis that the plaintiff may not relitigate the issue of jurisdiction.

Premised on the foregoing, it is hereby ordered that the defendant's motion to dismiss, for failure to state a claim upon which relief can be granted, filed pursuant to RUSCC 12(b)(4), be granted. The Clerk shall dismiss the complaint with prejudice. Costs shall be assessed against the plaintiff.

IT IS SO ORDERED.

through IV in the instant action), such were dismissed with prejudice. *See Smith Const. I,* 10 Cl.Ct. at 549. This prior dismissal with prejudice effectively resulted in an adjudication on the merits of the complaint, *see Truckee–Carson Irrigation District v. United States,* 14 Cl.Ct. 361, 369–70 (1988), because "the issue of subject matter jurisdiction [was] so inextricably intertwined with the merits that [the] decision on the juris-

dictional issue constitute[d] at the same time a ruling on the merits." *Truckee–Carson,* 14 Cl.Ct. at 369. The court's action was proper because, "beyond a legal certainty," the plaintiff was unable to meet its burden with regard to the basic jurisdictional requirement. *Id.* Thus, for res judicata concerns, a decision on the merits of both the jurisdictional question and the underlying claim have been reached.