**Sadie L. CAMPBELL, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 96–401C.**

United States Court of Federal Claims.

July 28, 1997.

Sadie L. Campbell, Charlotte, NC, pro se.

Hillary A. Stern, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were the Assistant Attorney General, and Director, David M. Cohen, Washington, DC, attorneys for defendant.

### OPINION

HORN, Judge.

The *pro se* plaintiff in the above-captioned case, Sadie L. Campbell, filed a complaint in this court, claiming jurisdiction under the Tucker Act, codified at 28 U.S.C. § 1491 (1994). Plaintiff claims that the defendant, the United States, acting through the Department of the Army, deprived her of a Civil Service position through "fraud and constructive fraud and in violation of her rights under the Fifth Amendment to the Constitution of the United States, and in discrimination against plaintiff on the basis of her sex and in deprivation of her right to due process." Plaintiff requests "damages in the sum of $500.000.00 plus interest and costs," and "[f]or such other and further relief as the court may deem just and proper." Plaintiff argues, that despite the fact that the actions alleged in her dispute arose over forty (40) years ago, her case should be reopened because of newly discovered evidence of fraud that was allegedly and belatedly produced by the government pursuant to a Freedom of Information Act (FOIA) request. Even construing plaintiff's claims liberally, due to her *pro se* status, the plaintiff has failed to establish jurisdiction in this court, or to establish a claim upon which relief can be granted.

### FACTS

Plaintiff, Sadie L. Campbell, is a former employee, Clerk–Typist GS–3, of the United States Department of the Army. On April 7, 1956, she was removed from her clerical position at the Main Recruiting and Induction Station, Department of the Army, in Charlotte, North Carolina. According to the plaintiff, on March 5, 1996, prior to her removal, she received a letter signed by her superior officer, Lt. Roy B. Hall, proposing her dismissal for insubordination and creating disturbances in the office. On April 3, 1956, she received notice from the Civilian Personnel Director that she was to be re-

moved on April 7, 1956. On April 4, 1956, plaintiff appealed the removal decision to the Regional Office, Civil Service Commission.

Following a May 7, 1956 hearing, which the plaintiff alleges was unfairly conducted, the Regional Office of the Civil Service Commission upheld plaintiff's removal on June 1, 1956. Based on information which plaintiff claims she discovered only recently through a FOIA request, plaintiff alleges that the hearing was tainted and prejudicial to plaintiff. Although it is somewhat difficult to decipher the allegations contained in plaintiff's *pro se* complaint, it appears that plaintiff is alleging improprieties on the part of Lt. Roy B. Hall, plaintiff's supervisor, due to his alleged dual roles while participating in her removal hearing, as her superior, and then also appointed as an advocate for headquarters.[1] Plaintiff further alleges that she was sexually harassed by Lt. Hall, and misinformed about her appeal rights.

On June 6, 1956, plaintiff appealed the removal decision to the Civil Service Commission Board of Appeals and Review (the "Board"), which upheld the decision on September 12, 1956. Subsequently, on October 12, 1956, plaintiff requested reconsideration of the Board's decision, which was denied. On May 16, 1960, an attorney, on behalf of Ms. Campbell, filed a petition in this court's predecessor, the United States Court of Claims, alleging malicious removal without cause, unjustified, capricious, arbitrary and unwarranted dismissal, and that she was harassed and discriminated against by several Army personnel. On June 30, 1961, however, the 1960 complaint was dismissed by the United States Court of Claims for failure to "state a cause of action." *Campbell v. United States,* 154 Ct.Cl. 865, 866, 1961 WL 1579 (1961). Plaintiff's subsequent Motion for Relief from Judgment or Order, filed over eighteen (18) years after the 1961 decision, also was denied by the United States Court of Claims on January 25, 1980. *Campbell v.*

---

1. The plaintiff attached a copy of the May 2, 1956 letter, which appoints Lt. Hall to represent headquarters at the hearing for Ms. Campbell, as an exhibit to the above-captioned complaint. The attached copy of the letter is a pink carbon copy with inked office date stamps appearing on

it. The court notes that it is unlikely, in today's photocopy age, that the government would have turned over an original, carbon copy of the letter to the plaintiff in response to her recent FOIA request.

*United States*, 222 Ct.Cl. 563, 1980 WL 12876 (1980).

Plaintiff continued her attempts to appeal her removal from government service through visits to congressmen, and multiple, unsuccessful petitions for writs of certiorari and motions to reconsider filed in the United States Supreme Court. Each such effort, however, was denied.[2] Finally, over forty (40) years after the date of her removal from the Civil Service position in 1956, plaintiff filed the above-captioned complaint in this court. Defendant responded by filing a Motion to Dismiss in which the government contends that the claims raised in plaintiff's current complaint are barred by the statute of limitations.

### DISCUSSION

■ Section 2501 of Title 28 of the United States Code states, in pertinent part: "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Moreover, as the case law indicates, "[c]ompliance with the Claims Court's statute of limitations is jurisdictional." *Jones v. United States*, 801 F.2d 1334, 1335 (Fed.Cir. 1986), *cert. denied*, 481 U.S. 1013, 107 S.Ct. 1887, 95 L.Ed.2d 495 (1987) (citing *Bray v. United States*, 785 F.2d 989, 992 (Fed.Cir. 1986)). Stated otherwise, "[t]he 6–year statute of limitations on actions against the United States is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." *Hopland Band of Pomo Indians v. United*

*States*, 855 F.2d 1573, 1576–77 (Fed.Cir.1988) (citations omitted).

■ Once a movant has made a *prima facie* allegation of a statute of limitations defense, the plaintiff has the burden to demonstrate that the complaint was filed in a timely manner. *LaMear v. United States*, 9 Cl.Ct. 562, 569 (1986), *aff'd without op.*, 809 F.2d 789 (Fed.Cir.1986). The statute of limitations in 28 U.S.C. § 2501 precludes consideration of untimely claims, and is triggered:

> unless plaintiff can go forward with the burden and aptly demonstrate (1) that all the "events which directly affect the rights asserted ... took place ... *within* six years *prior* to filing"; (footnotes omitted) or (2) "that defendant concealed its acts" so that "plaintiff was unaware" of her cause of action; or (3) "that its injury was 'inherently unknowable' at the accrual date".... *Japanese War Notes Claimants Ass'n v. United States* [178 Ct.Cl. 630], 373 F.2d 356, 358–59 (1967); *L.S.S. Leasing Corp. v. United States*, 695 F.2d 1359 (Fed.Cir.1982); *Menominee Tribe of Indians v. United States*, 726 F.2d 718 (Fed.Cir.1984); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 [56 S.Ct. 780, 80 L.Ed. 1135] (1936); *Jones v. United States*, 9 Cl.Ct. 292 (1985).

*LaMear v. United States*, 9 Cl.Ct. at 569.

■ Plaintiff's complaint requests that "this court allow this case to be open because of newly discovered evidence of fraud against plaintiff in the documents belatedly produced by the government." According to plaintiff, "[t]he fraud and deception of the Army was wilfully concealed from plaintiff by the Army

---

**2.** Plaintiff's attempted appeals to the United States Supreme Court appear to fall into three groups. Plaintiff's first petition for writ of certiorari to the United States Supreme Court was denied on March 3, 1969. *Campbell v. United States*, 393 U.S. 1121, 89 S.Ct. 1001, 22 L.Ed.2d 127 (1969) (mem.). Within the year, she filed two petitions for rehearing, both of which also were denied. The first petition for rehearing was denied on June 9, 1969, *Campbell v. United States*, 395 U.S. 954, 89 S.Ct. 2025, 23 L.Ed.2d 473 (1969) (mem.), and the second petition for rehearing was denied on March 2, 1970, *Campbell v. United States*, 397 U.S. 970, 90 S.Ct. 989, 25 L.Ed.2d 264 (1970) (mem.). Subsequently, plaintiff filed another petition for writ of certio-

rari, which was denied on June 7, 1971, *Campbell v. United States*, 403 U.S. 910, 91 S.Ct. 2219, 29 L.Ed.2d 687 (1971) (mem.), and another petition for rehearing which was denied on June 21, 1971, *Campbell v. United States*, 403 U.S. 941, 91 S.Ct. 2264, 29 L.Ed.2d 722 (1971) (mem.). Somewhat more recently, plaintiff again petitioned the United States Supreme Court for certiorari, which also was denied on March 24, 1980, *Campbell v. United States*, 445 U.S. 945, 100 S.Ct. 1343, 63 L.Ed.2d 779 (1980) (mem.), followed by a petition for rehearing, which was similarly denied on May 12, 1980, *Campbell v. United States*, 446 U.S. 948, 100 S.Ct. 2179, 64 L.Ed.2d 805 (1980) (mem.).

until the Government under the Freedom of Information Act produced relevant documents in 1996." Furthermore, plaintiff claims that "[a]t no time during the initial stages of the Administrative proceedings was plaintiff told of the seriousness of the charges nor did she appreciate their potential effect."

Plaintiff's cause of action accrued when she was removed from her Civil Service position on April 7, 1956. Plaintiff alleges that there were numerous instances when she was misinformed and deliberately deceived by Army personnel and by her attorney, for the brief period she was represented by counsel, about the status of her rights.[3] It is clear from the record in the above-captioned case, including from the decisions issued in plaintiff's previous court actions, that plaintiff understood the nature of her removal when it occurred and also understood her right to challenge that removal when it occurred. As the United States Court of Appeals for the Federal Circuit has written:

> [c]ases from our predecessor court and other circuits firmly establish that the statute of limitations is tolled only so long as the plaintiff is unaware of the wrong committed. 'Defendant is not required to wait until plaintiff has started substantiating his claims by the discovery of evidence. Once plaintiff is on inquiry that it has a potential claim, the statute can start to run.'

*Welcker v. United States,* 752 F.2d 1577, 1580 (Fed.Cir.1985), *cert. denied,* 474 U.S. 826, 106 S.Ct. 83, 88 L.Ed.2d 68 (1985) (citing *Japanese War Notes Claimants Association v. United States,* 178 Ct.Cl. 630, 373 F.2d 356, 358–59 (1967), *cert. denied,* 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967), *reh'g de-*

nied, 390 U.S. 975, 88 S.Ct. 1020, 19 L.Ed.2d 1192 (1968)).

The two decisions issued by the United States Court of Claims, this court's predecessor court, on plaintiff's claims of improper removal from her civil service position are instructive. From the descriptions of the claims presented by plaintiff and the history of her case as recounted by the United States Court of Claims in its earlier opinions, it is clear that Ms. Campbell previously has sought relief based on the same facts and claims as those presented in the case at bar. It is also clear that she understood the nature of her cause of action at the time she was terminated and certainly when she brought the case in 1961. On June 30, 1961, the United States Court of Claims wrote:

> Plaintiff, a veteran preference eligible who was dismissed from her civilian employment with the Department of Army, sues to recover back pay on the ground that her removal was arbitrary and capricious and the adverse ruling of the Civil Service Commission sustaining her dismissal was not supported by substantial evidence. The case was submitted without argument on the parties' cross-motions for summary judgment. On June 30, 1961, the court ordered that plaintiff's motion for summary judgment be denied on the ground that plaintiff had failed to state a cause of action, and that defendant's motion for summary judgment be granted and the petition dismissed.

*Campbell v. United States,* 154 Ct.Cl. 865 (1961).

On January 25, 1980, in its subsequent opinion on what the court termed a motion for relief from judgment or order under Rule

---

3. According to plaintiff, examples of such misrepresentation include the following:

> Mr. Selby [a Civil Service investigator] advised plaintiff that she did not need a lawyer, and that she would be at least as well represented by the Veterans' Service Officer, as would be the case with a trained attorney. Not knowing better plaintiff relied on his advice. Plaintiff now realizes that this was a flat misrepresentation on Mr. Selby's part. Had plaintiff had an attorney, he would have certainly questioned admission of the affidavits introduced in evidence against her. He would have properly

> cross-examined witness [sic] that appeared against plaintiff thus giving her full advantage of her right to be faced by her accusers; and he would have revealed that the witnesses were 'captive witnesses' testifying against plaintiff out of hear [sic] of their own job security.

In her complaint, plaintiff also alleges, with regard to her first petition to the United States Court of Claims, that: "[p]laintiff's Attorney failed to advise her of her right to appeal and of the time limit involved."

1 52(b), the United States Court of Claims wrote:

> In 1960, plaintiff Sadie L. Campbell, a veteran preference eligible who was dismissed from her civilian employment with the Department of the Army, brought this suit to recover back pay on the ground that her removal was arbitrary and capricious and that the adverse ruling of the Civil Service Commission sustaining her dismissal was not supported by substantial evidence. The case came before the court on cross-motions for summary judgment which were submitted without argument. On June 30, 1961, the court ordered plaintiff's motion denied on the ground that she failed to state a cause of action, granted the Government's motion for summary judgment, and dismissed the petition. *Campbell v. United States*, 154 Ct.Cl. 865 (1961). Plaintiff did not then seek rehearing under what is now Rule 151 or relief from judgment under what is now Rule 1 52, but she did file two very belated petitions for certiorari which were denied, 393 U.S. 1121 [89 S.Ct. 1001, 22 L.Ed.2d 127] (1969); 403 U.S. 910 [91 S.Ct. 2219, 29 L.Ed.2d 687] (1971).
>
> On December 13, 1979, over eighteen years after our decision in 1961, plaintiff, acting pro se, filed the instant motion for rehearing (which has been allowed to be filed as a motion for relief from judgment or order under Rule 152(b)). The motion raises various procedural and substantive objections to the administrative proceeding against plaintiff, some of which the court considered in 1961 and all of which could have been presented at that time or shortly thereafter.
>
> Rule 152(b) requires that such a motion for relief from an order or judgment be filed in some instances no more than a year after the decision and in no case beyond a 'reasonable time.' It is beyond dispute that, on any view of plaintiff's current motion, the unexplained 1 8–year delay in this case was far too long and wholly unreason-able. The court need not and should not entertain it.
>
> IT IS THEREFORE ORDERED that plaintiff's motion for relief from judgment or order under Rule 152(b) is denied.
>
> Plaintiff's petition for a writ of certiorari was denied March 24, 1980.

*Campbell v. United States*, 222 Ct.Cl. 563 (1980) (footnote omitted).

Therefore, because this court finds that Ms. Campbell clearly understood the nature of her claim in 1956 when it arose, and thereafter, when she continued to pursue her case, the statute of limitations bars this court from taking jurisdiction in the above-captioned case.

■ Furthermore, the court finds that plaintiff's claim is barred by the doctrine of *res judicata.*[4] Plaintiff's cause of action previously was dismissed by the United States Court of Claims on the merits for failure to state a claim. *Campbell v. United States*, 154 Ct.Cl. 865. As stated in *Do–Well Mach. Shop, Inc. v. United States*, 870 F.2d 637 (Fed.Cir.1989):

> The distinction between lack of jurisdiction and failure to state a claim upon which relief can be granted, is an important one:
>
>> [T]he court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy.
>>
>> Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the

---

**4.** The court also notes that this court is bound by the decisions of the United States Court of Claims, as a successor to that court. *South Corporation v. United States*, 690 F.2d 1368, 1370 (Fed.Cir.1982). Plaintiff's above-captioned claim, therefore, may be just another, far too late, motion for rehearing or relief from judgment.

controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). *See generally,* 1 Moore's Federal Practice ¶ 0.62[2.–2] at 664–65 (1988).

To master this distinction is not merely an intellectual exercise without practical utility. A dismissal on the merits carries *res judicata* effect and dismissal for want of jurisdiction does not. *Vink v. Hendrikus Johannes Schiff, Rolkan N.V.,* 839 F.2d 676, 677, 5 USPQ2d 1728, 1729 (Fed. Cir.1988).

*Id.* at 639–40.

■ Stated otherwise, under the doctrines of *res judicata* and collateral estoppel, once a case has been disposed of on the merits by a previous order or opinion, a subsequent action on the same grounds should not be entertained. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). The doctrines of *res judicata* and collateral estoppel operate to prevent the re-litigation of a claim that has already had its day in court. *Mark Smith Constr. Co. v. United States,* 15 Cl.Ct. 32, 35–36 (1988). By affording a claimant only one opportunity to obtain relief, the doctrines conserve judicial resources, foster reliance upon judicial decisions, and protect litigants from vexatious and needless litigation. *Id.* at 36; *Martin v. United States,* 30 Fed.Cl. 542, 546 (1994), *aff'd,* 41 F.3d 1519 (Fed.Cir.1994); *Lins v. United States,* 4 Cl.Ct. 772, 777 (1984), *aff'd,* 758 F.2d 666 (Fed.Cir.1984).

The doctrines of *res judicata* and collateral estoppel have been summarized by the United States Supreme Court as follows:

A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies....' *Southern Pacific R.*

*Co. v. United States,* 168 U.S. 1, 48–49 [18 S.Ct. 18, 27, 42 L.Ed. 355] (1897). Under *res judicata,* a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Cromwell v. County of Sac,* 94 U.S. 351, 352 [24 L.Ed. 195] (1877)[(1876)]; *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326 [75 S.Ct. 865, 867–68, 99 L.Ed. 1122] (1955); 1B J. Moore, Federal Practice ¶ 0.405[1], pp. 621–624 (2d ed.1974) (hereinafter 1B Moore); Restatement (Second) of Judgments § 47 (Tent. Draft No. 1, Mar. 28, 1973) (merger); *id.,* § 48 (bar). Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5 [99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552] (1979); Scott, Collateral Estoppel by Judgment, 56 Harv. L.Rev. 1, 2–3 (1942); Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, Apr. 15, 1977) (issue preclusion). Application of both doctrines is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions. *Southern Pacific R. Co., supra,* at 49 [18 S.Ct. at 27–28]; *Hart Steel Co. v. Railroad Supply Co.,* 244 U.S. 294, 299 [37 S.Ct. 506, 507–08, 61 L.Ed. 1148] (1917). To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.

*Montana v. United States,* 440 U.S. at 153–54, 99 S.Ct. at 973–74 (footnote omitted). Therefore, the court finds that the plaintiff's previous attempts to litigate and relitigate her case operate as a bar to her attempt to bring her current claims before this court.

Plaintiff further alleges a number of acts of malfeasance and fraud on the part of government officials. This court's jurisdictional statute, the Tucker Act, explicitly states, "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States ... not sounding in tort." 28 U.S.C. § 1491(a)(1) (1994); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997), *reh'g denied* (April 17, 1997); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed.Cir. 1993). In reviewing the jurisdiction of this court, the United States Court of Appeals for the Federal Circuit has stated:

> It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims. The Tucker Act expressly provides that the 'United States Court of Federal Claims shall have jurisdiction ... in cases *not* sounding in tort.' 28 U.S.C. § 1491(a)(1) (1988) (emphasis added), *as amended by* Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506; *see Aetna Casualty and Surety Co. v. United States*, 655 F.2d 1047, 1059, 228 Ct.Cl. 146 (1981).

*Shearin v. United States*, 992 F.2d at 1197.

Jurisdiction to hear tort claims is exclusively granted to the United States District Courts under the Federal Tort Claims Act. 28 U.S.C. 1346(b)(1) (West 1993 & Supp. 1997);[5] *see also Wood v. United States*, 961 F.2d 195, 197 (Fed.Cir.1992); *Martinez v. United States*, 26 Cl.Ct. 1471, 1476 (1992), *aff'd*, 11 F.3d 1069 (Fed.Cir.1993). Plaintiff's claims for monetary damages, which arise out of alleged negligent and wrongful conduct of the defendant in the course of discharging official duties, are claims clearly sounding in tort. *See Smithson v. United States*, 847 F.2d 791, 794 (Fed.Cir.1988), *cert.* denied, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989); *Berdick v. United States*, 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979); *Curry v. United States*, 221 Ct.Cl. 741, 746, 609 F.2d 980, 982–83 (1979); *Blazavich v. United States*, 29 Fed.Cl. 371, 374 (1993). Therefore, this court has no jurisdiction over the allegations brought by plaintiff which may be characterized as based upon torts, including plaintiff's claims of negligence and breach of duty.

The plaintiff also raises allegations of discrimination on the basis of sex and sexual harassment. Plaintiff claims that she was "the victim of sexual discrimination and abuse." She further states that her removal in 1956 was the result of "discrimination against plaintiff on the basis of her sex...." Currently, section 717(a) of the Civil Rights Act of 1964 prohibits discrimination in all personnel actions affecting civilian employees of the United States military departments. Civil Rights Act of 1964, Pub.L. No. 88–352, Title VII, 78 Stat. 253 (1964) (codified as amended at 42 U.S.C.A.2000e (West 1994 & Supp.1997)), amended by Pub.L. No. 92–261, § 11, 86 Stat. 111 (1972), which added § 717(a), prohibiting employment discrimination by the federal government, including the military departments (codified as amended at 42 U.S.C.A. § 2000e–16 (West 1994 & Supp. 1997)). The United States Supreme Court, however, has held that the Civil Rights Act of 1964 should not be applied retroactively to address allegations of pre-Civil Rights Act discrimination. *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977); *Bazemore v. Friday*, 478 U.S. 385, 396 n. 6, 106 S.Ct. 3000, 3006 n. 6, 92 L.Ed.2d 315 (1986). Thus, plaintiff's 1956, pre-Civil Rights Act allegations are not actionable. Moreover, if pre-Civil Rights Act allegations were actionable under the Civil

---

5. 28 U.S.C.A. § 1346(b)(1) provides as follows:

> (b)(1) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

> 28 U.S.C.A. § 1346(b)(1) (West 1993 & Supp. 1997).

Rights Act, jurisdiction would lie in the appropriate federal district court, and not in the United States Court of Federal Claims, pursuant to 42 U.S.C. § 2000e–5(f)(3) (1994).

 Finally, the *pro se* plaintiff contends her discrimination allegations also are violative of her "right to due process." This court, however, has no jurisdiction over claims based upon the due process guarantees of the Fifth Amendment which do not create an independent cause of action for money damages. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995). The United States Court of Appeals for the Federal Circuit has stated: "Although the Fifth Amendment's due process clause provides that no person shall be deprived of property without due process of law, no language in the clause itself requires the payment of money damages for its violation." *Murray v. United States*, 817 F.2d 1580, 1583 (Fed.Cir. 1987) (citing *Inupiat Community of the Arctic Slope v. United States*, 230 Ct.Cl. 647, 662, 680 F.2d 122, 132, *cert. denied*, 459 U.S. 969, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982)); *see also Earnest v. United States*, 33 Fed.Cl. 341, 344 (1995).[6] Therefore, the due process allegations raised in the plaintiff's complaint do not present causes of action cognizable in this court, and should be dismissed.

### CONCLUSION

After a thorough review of the *pro se* plaintiff's complaint, even construed liberally, this court concludes that it is without jurisdiction to review the merits of plaintiff's claims. This court does not have jurisdiction over the claims sounding in tort, the claims of discrimination, or the claims of due process violations, raised by plaintiff. Moreover, this court has no jurisdiction to relitigate cases previously adjudicated, or to adjudicate claims which accrued forty years ago, well beyond the six-year statute of limitations. The court, hereby, **DISMISSES** the above-captioned complaint. The Clerk of the Court is directed to enter judgment in

this case in accordance with this order, and to dismiss plaintiff's complaint, with prejudice. Future filings from Ms. Sadie L. Campbell should be carefully screened in light of this opinion to ensure that scarce judicial resources are not expended on repeated attempts by the plaintiff to relitigate her case over and over again.

**IT IS SO ORDERED.**

---

6. This court notes that although a Fifth Amendment due process violation does not create a cause of action for money damages, this court does have jurisdiction under the Takings Clause of the Fifth Amendment which states, "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. Plaintiff in this case, however, has not presented a cognizable takings claim requiring just compensation under the Fifth Amendment of the United States Constitution.